IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Nos. 3:18-CR-61-HBG |
| | ) | 3:18-PO-53 |
| JOHN WILLIAM HANSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the undersigned, pursuant to the Defendant's consent [Doc. 8], and on the Defendant's Motion to Continue Deadline to File Objections to Pre-Sentence Report and Sentencing Memorandum [Doc. 54], filed on November 1, 2018. On September 25, 2018, a jury found Defendant guilty of a single count of forcibly resisting a federal officer in the performance of the officer's official duties, which is a violation of 18 U.S.C. § 111(a)(1). The undersigned found Defendant guilty of six petty offenses arising out of the same series events. The Court set a sentencing hearing on all offenses on November 15, 2018. The Presentence Investigation Report ("PSR") [Doc. 53] was filed on November 1, 2018.

Defendant contends that he understood that the PSR would not be filed thirty-five days prior to the sentencing hearing, as required by Fed. R. Crim. P. 32(e)(2) and Local Rule 83.9(b), because he was interviewed by the United States Probation Officer on September 26, 2018, which was thirty-six days before his sentencing hearing. However, he states that he cannot file objections to the PSR fourteen days before the sentencing hearing, as required by Local Rule 83.9(c), because defense counsel first received the PSR on the fourteenth day before the hearing. Defense counsel notes that he must send the report to the Defendant, who is living in Ohio,

1

pursuant to his conditions of release. The Defendant also notes that it is also impossible for defense counsel to file his sentencing memorandum fourteen days before the sentencing hearing, as required by Local Rule 83.9(j). Local Rule 83.9(g) allows for modification of the time periods relating to sentencing for good cause shown, "except that the 14-day period set forth in subsection 83.9(c) may be diminished only with the consent of the defendant and the government." Defendant states that he agrees to shorten the time for objections and filing a sentencing memorandum from fourteen days to seven days. The motion states that the Government also agrees that the Defendant should have until November 8, 2018, to file objections to the PSR and a sentencing memorandum.

The Court finds that the Defendant has shown good cause to modify the dates and deadlines associated with the sentencing hearing in this case. Moreover, the Court finds that the Defendant and the Government agree that the Court may shorten the time for filing objections to the PSR and for filing sentencing motions or memoranda by seven days to November 8, 2018. Accordingly, the Court modifies the schedule imposed by the Local Rules as follows: The Court will consider the PSR [Doc. 53] filed on November 1, 2018, to be timely filed. The Defendant and the Government may file any objections to the PSR and may file sentencing motions or memorandum on or before **November 8, 2018**. The United States Probation Officer shall file an addendum to the PSR and a revised report, if appropriate, or a notice of no objections, as required by Local Rule 83.9(e), on **November 13, 2018**. The sentencing hearing remains set for **November 15, 2018, at 9:30 a.m.**

**IT IS SO ORDERED.**

                                                ENTER:

                                                _/s/ Bruce Guyton_
                                                H. Bruce Guyton
                                                United States Magistrate Judge