IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-61-HBG |
| JOHN WILLIAM HANSON, III, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to the Defendant's consent[1] and on the Motion by the Defendant John William Hanson, III, for Judgment of Acquittal or in the Alternative for a New Trial [Doc. 51]. On September 25, 2018, a jury found Defendant Hanson guilty [Doc. 47] of a single count of forcibly resisting a federal officer in the performance of the officer's official duties, which is a violation of 18 U.S.C. § 111(a)(1).[2] The Defendant argues [Doc. 51] that the Court should grant him an acquittal or, alternatively, a new trial, because the Government failed to prove that he acted "forcibly" and because the jury's verdict is against the manifest weight of the evidence. The Government responds [Doc. 52] in opposition, arguing that it proved the "forcibly" element beyond a reasonable doubt and that it introduced credible evidence to prove all

---

[1] Defendant Hanson has consented [Doc. 8] to the undersigned presiding over his criminal misdemeanor case, Case No. 3:18-CR-61. 18 U.S.C. § 3401(a)-(b); 28 U.S.C. § 636(a)(5).

[2] Also on September 25, 2018, the Court found the Defendant guilty of six petty offenses, one of which was Count Two of the Information in the instant criminal case and the other five were from case number 3:18-PO-53. The Defendant does not challenge this Court's findings of guilt with regard to the petty offenses.

of the elements of the offense.  For the reasons set out below, the Defendant's motion [**Doc. 51**] is **DENIED**.

I.       BACKGROUND

Defendant Hanson was charged by Information [Doc. 1] with forcibly resisting, opposing, impeding, and interfering with a federal officer in the performance of the officer's duties based upon events occurring on February 3, 2018, in the Great Smoky Mountains National Park. The undersigned held a two-day jury trial on this count.  At the close of the Government's proof, defense counsel moved for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, arguing that while the alleged crime required that the Defendant acted forcibly, the Government had presented no proof that any officer was ever in fear of pain, bodily injury, or death.  The Court reserved its ruling on the motion, and the Defendant presented his proof.  After the jury retired to deliberate, the Court denied the Defendant's motion for a judgment of acquittal.

The jury returned a verdict, finding the Defendant guilty of forcibly resisting a federal officer in the performance of the officer's official duties in violation of 18 U.S.C. § 111(a)(1).  The jury also made three unanimous findings on the verdict form:

> (1) That the defendant did knowingly consciously, and voluntarily act to forcibly resist, oppose, impede, and interfere with a federal officer, in the performance of the officer's duties, by starting to walk away and grabbing or attempting to grab his backpack, while Ranger L. Kwiatkowski was investigating the unrestrained dogs and fire at Abrams Creek Falls.
>
> (2) That the defendant did knowingly consciously, and voluntarily act to forcibly resist, oppose, impede, and interfere with a federal officer, in the performance of the officer's duties, by struggling, breaking free, or running down the trail toward the parking lot and away from the rangers, when Rangers Kwiatkowski and Jones seized the Defendant's arms to arrest him.

(3) That the defendant did knowingly consciously, and voluntarily act to forcibly resist, oppose, impede, and interfere with a federal officer, in the performance of the officer's duties, by refusing to put his hands behind his back and struggling while the rangers tried to handcuff him.

[Doc. 47] Following the jury's verdict, the Defendant filed a timely motion for acquittal, pursuant to Federal Rule of Criminal Procedure 29, or alternatively for a new trial, pursuant to Federal Rule of Criminal Procedure 33.

## II. ANALYSIS

A court may set aside a verdict of guilty and enter an acquittal, if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a) & (c)(2). The Court "must decide the motion on the basis of the evidence at the time the ruling was reserved" at trial, which in this case was at the close of the Government's proof. Fed. R. Crim. P. 29(b). Alternatively, a court may "upon the defendant's motion . . . vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33; *United States v. Wheaton*, 517 F.3d 350, 360-61 (6th Cir. 2008). The Defendant argues that the Government failed to prove that he acted "forcibly" as required under 18 U.S.C. § 111(a). The Court examines this argument in light of the standards set out in Rules 29 and 33.

In the instant case, Count One of the Information [Doc. 1] charges that

> on or about February 3, 2018, in the Eastern District of Tennessee, the defendant, **JOHN WILLIAM HANSON, III**, did knowingly, consciously, and voluntarily act to forcibly resist, oppose, impede and interfere with a federal officer, in the performance of the officer's duties, in violation of Title 18, United States Code, Section 111(a)(1).

Section 111(a)(1) provides, in pertinent part, that "[w]hoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer,] while engaged in or on account of the performance of official duties[,] shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both[.]" To act "forcibly" under § 111(a)(1) means either (1) actual physical contact or (2) making such "a threat of or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death." *United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987); *United States v. Kimes*, 246 F.3d 800, 807 n.4 (6th Cir. 2001) (citing *Walker*), *cert. denied*, 534 U.S. 1085 (2002); *see also United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2147 (2017). In the instant case, the Court charged the jury on these two ways of acting "forcibly" under § 111(a).

### A. Judgment of Acquittal

The Defendant argues that the Government did not present any proof that the rangers were in fear of imminent pain, bodily harm, or death. He acknowledges that Ranger Kwiatkowski testified that, as he questioned the Defendant by Abrams Falls, he feared that the Defendant was going for his knife, which was strapped to the outside of his backpack. The Defendant contends that this "fear" was unfounded because the knife was securely strapped to the backpack with multiple Velcro straps and because Ranger Kwiatkowski took the backpack away from the Defendant at the Falls and retained it throughout the remainder of the encounter. The Defendant also maintains that the proof revealed that he was compliant with the rangers' instructions, until the point that Rangers Kwiatkowski and Jones grabbed him near the trailhead, which act, he contends, set in motion the subsequent chase. Defendant Hanson argues that the

4

rangers did not testify that they were in fear of pain, bodily harm, or death at any point after departing the falls.

The Government responds [Doc. 52] that the proof it presented at trial demonstrates that the Defendant acted forcibly both through non-verbal displays of aggression and by using physical force against the rangers attempting to arrest him.

In assessing a motion for judgment of acquittal, the Court must view the evidence in the light most favorable to the Government, to determine whether any rational jury could have found the elements of § 111(a) beyond a reasonable doubt. *See United States v. Morrison*, 220 F. App'x 389, 392 (6th Cir. 2007). In analyzing a Rule 29 motion, "'the reviewing court does not judge the credibility of the witnesses or weigh the evidence, [but instead] draws all reasonable inferences in the government's favor.'" *United States v. Roland*, 233 F. App'x 476, 482 (6th Cir. 2007) (quoting *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005)), *cert. denied*, 552 U.S. 1157 (2008). The Defendant bears the burden of demonstrating an acquittal is warranted. *Id.* The Court also observes that the "proper standard for determining whether the requisite degree of force was displayed . . . is an objective one, i.e., whether the defendant's behavior would [have] reasonably inspired fear in a reasonable person." *Walker*, 835 F.2d at 987.

Despite acknowledging these legal principles, the Defendant's application of the facts to this law is both selective and subjective. He argues that the Government did not prove that he acted forcibly, because it failed to show that Ranger Kwiatkowski feared imminent pain, bodily injury, or death when the Defendant attempted to grab his backpack at the Falls. In this regard, he contends that the knife was securely strapped to the backpack with numerous pieces of Velcro and that it later took Ranger Kwiatkowski a substantial amount of time to remove the knife during the execution of the search warrant. With regard to the remainder of the incident, Defendant argues

5

that he merely complied with the ranger's orders and only responded to their actions, which escalated the situation.

Viewing the evidence in the light most favorable to the Government, Ranger Kwiatkowski testified that he told the Defendant to leave his backpack alone and placed the backpack away from the Defendant, while questioning him, because there was an unsheathed, ten-inch knife strapped to the outside of the backpack. Ranger Kwiatkowski testified and the video evidence from his body camera showed, that the Defendant, who was extremely agitated, disregarded Ranger Kwiatkowski's direction to sit on a rock and, instead, walked over to retrieve his backpack. The Court finds that the Government proved that the Defendant acted forcibly at the Falls, because a reasonable officer would have feared imminent pain or bodily injury had the Defendant successfully grabbed his knife, which it appeared he was attempting to do.

Moreover, beyond the threat of force at the falls, the Government proved actual physical contact by the Defendant against the officers as they attempted to handcuff him both during the struggle near the trailhead and after he was stunned with the TAZER. Our appellate court has held that even when the physical contact is initiated by the arresting officer, the defendant commits a misdemeanor violation of § 111(a) by the "forcible performance of one of the six acts prescribed in § 111(a)[.]" *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir.), *cert. denied*, 558 U.S. 822 (2009). In the instant case, the rangers initiated physical contact with the Defendant by taking hold of his arms to handcuff him near the trailhead. However, this contact by the rangers does not excuse or cancel out the Defendant's use of force, i.e., the Defendant's physical contact in locking his arms, struggling with the rangers, lowering his center of gravity, and breaking free of the rangers' grasp in order to resist arrest. Accordingly, taking the evidence in the light most

favorable to the Government, the Court finds that the Government proved the element of "forcibly." The Defendant's renewed motion for a judgment of acquittal is again **DENIED**.

### B. New Trial

Defendant Hanson contends [Doc. 51] that this case presents the type of "extraordinary circumstance" under which the Court should grant a new trial. "Upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In ruling on a motion for new trial, the court examines whether the verdict is against the great weight of the evidence. *United States v. Turner*, 490 F. Supp. 583, 593 (6th Cir. 1979). "A verdict may well be against the great weight of the evidence, but, nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt." *Id.* In assessing whether to grant a new trial, the court considers the record more broadly, than with a motion for a judgment of acquittal, and may evaluate the credibility of witnesses, as well as the weight of the evidence. *Id.* However, a court should exercise its discretion to grant a new trial "only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Id.* In other words, motions for a new trial are disfavored and "granted only with great caution." *Id.*

The Defendant argues that the jury verdict is against the great weight of the evidence, because the Government failed to prove all of the elements of § 111(a) beyond a reasonable doubt. In this regard, the Defendant asks the Court to find that Rangers Kwiatkowski and Jones were not credible, because they lied to the Defendant when they told him that they would discuss his options when they came to the trailhead. The Defendant points out that Ranger Kwiatkowski testified that he had decided to arrest the Defendant near the falls and was not going

7

to discuss options with him. Additionally, the Defendant argues that the only force applied was by the rangers, when they grabbed him in order to take him into custody near the trailhead. He contends that "[i]f the Rangers had not attempted to put Hanson into custody and proceeded to discuss options as promised, there would have been no altercation." [Doc. 51, p.6]

The Government responds [Doc. 52] that the Defendant has failed to carry his burden of demonstrating that a new trial is warranted in this case. It maintains that the testimony of the rangers and the video footage from their body cameras reveal that all of the elements of § 111(a) were met. Additionally, the Government argues that the fact that the rangers did not warn the Defendant of their intent to arrest him does not diminish the credibility of their testimony. The Government points to Ranger Kwiatkowski's testimony that he did not warn Defendant Hanson that he was going to arrest him for safety reasons, to deescalate the situation at the falls, and to prevent him from fleeing into the woods near the falls. Ranger Jones, who joined Defendant Hanson and Ranger Kwiatkowski as they were on the trail to the parking lot, testified that he did not know whether the Defendant would be arrested, until they neared the trailhead. The Government contends that the rangers were credible and their testimony supports the verdict.

This Court agrees with the Government that the Defendant has failed to show that the great weight of the evidence is against the verdict. In order to prove a violation of § 111(a), the Government must show the Defendant (1) acted forcibly, (2) acted knowingly and intentionally in committing acts that constituted resisting, opposing, impeding, or interfering with (3) a federal officer, (4) who was engaged in his or her official duties at the time. *Kimes*, 246 F. App'x at 807; *United States v. Hopper*, 436 F. App'x 414, 425 (6th Cir. 2011). As discussed above, the Government proved that the Defendant acted forcibly by taking threatening action in attempting to grab his backpack with his knife at the falls and by using actual physical force against the

8

officers near the trailhead.  Rangers Kwiatkowski and Jones testified that they are federal law enforcement rangers with the authority to arrest and that they were investigating the violation of multiple park regulations with regard to Defendant Hanson.   This testimony was unchallenged.  Finally, the proof at trial showed that the Defendant knowingly and intentionally resisted and opposed the rangers when he reached for his backpack with his knife at the falls, when he struggled and broke away as they attempted to handcuff him near the trail head; as he ran away from them for over three minutes; and as he continued to resist being handcuffed after he was stunned with the TAZER and brought to the ground.  The Defendant agrees that the rangers were attempting to take him into custody and that there was an altercation [*see* Doc. 51, p.6].  He argues that the rangers were at fault for the altercation.  The great weight of the evidence proved otherwise.

The Court also finds the testimony of Rangers Kwiatkowski and Jones to be credible.  The fact that the rangers told the Defendant they would discuss his options when they got to the parking lot, when Ranger Kwiatkowski actually planned to arrest him, does not damage the rangers' credibility.  Ranger Kwaitkowski, who was initially the sole officer investigating the violation of park regulations at the falls, testified that he had to get the Defendant and his two dogs down two and one-half miles of trail to the trailhead.  Ranger Kwaitkowski explained that he told the Defendant that they would discuss the options for his own safety and that of the other visitors.  The video footage of the Defendant's behavior at the falls supports this decision, because the Defendant was distraught, erratic, and repeatedly ignored and defied the ranger's commands at the falls.  The Court finds the rangers were credible and that the verdict is supported by, not contradicted by, the great weight of the evidence.  The Defendant's request for a new trial is also **DENIED**.

## III.  CONCLUSION

For the reasons set out fully herein, the Court finds no basis for a judgment of acquittal or a new trial.  Accordingly, the Motion by the Defendant John William Hanson, III, for Judgment of Acquittal or in the Alternative for a New Trial [**Doc. 51**] is **DENIED**.  This case remains set for sentencing on **November 15, 2018, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge