UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

JOHN WILLIAM HANSON III,              )
                                      )
          Petitioner,                 )
                                      )
v.                                    )     Nos.:  3:21-CV-390-TAV-JEM
                                      )            3:18-CR-61-JEM
UNITED STATES OF AMERICA,             )
                                      )
          Respondent.                 )

## MEMORANDUM OPINION

In November 2021, petitioner filed his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Doc. 1].[1]  The Court referred the matter to United States Magistrate Judge Jill E. McCook [Doc. 8], and, on June 15, 2022, Judge McCook entered her report and recommendation ("R&R") [Doc. 10] recommending that the Court deny petitioner's § 2255 motion.  Petitioner objects to the R&R [Doc. 17].  For the reasons explained herein, petitioner's objections [Doc. 17] are **OVERRULED** and the R&R [Doc. 10] is **ACCEPTED AND ADOPTED IN PART**.  Petitioner's § 2255 motion is therefore **DENIED**.

## I.      Background

The following relevant facts are taken from the background section of the R&R.  In early February 2018, National Park Service Ranger Leszek Kwiatkowski responded to reports of an orange vehicle driving the wrong way down a road in the Great Smoky

---

[1]  Unless otherwise specified, all document citations refer to the civil case docket.

Mountains National Park [Case No. 3:18-cr-61 ("Crim. Case"), Doc. 70, p. 32]. Ranger Kwiatkowski found an unoccupied vehicle matching that description in a parking lot along the road, noticed a dog leash in plain view within the vehicle, and observed dog tracks on the nearby trail—although signs in the area indicated that dogs were not permitted on that trail [*Id.* at 32–33, 36–40]. Ranger Kwiatkowski had previously been informed by park visitors that there were unrestrained dogs on the trail [*Id.* at 33].

Ranger Kwiatkowski traveled roughly 2 ½ miles down the trail and saw petitioner, two unrestrained dogs, and a fire near the base of a tree [*Id.* at 43–44]. As Ranger Kwiatkowski approached, petitioner extinguished the fire, picked up a backpack containing a 12-inch knife with a 7-inch blade strapped onto it, and started walking away [*Id.* at 43–46, 53]. Ranger Kwiatkowski directed petitioner to stop, set down his backpack, and move back towards him; however, petitioner initially ignored Ranger Kwiatkowski's instructions [*Id.* at 46]. Eventually, petitioner set his backpack down and moved a short distance away from it [*Id.* at 46–48]. Petitioner was asked for his name and date of birth, but he provided a false last name and false birth year [*Id.* at 52].

Petitioner stated he was cold and wanted to get pants from his backpack [*Id.* at 48]. Ranger Kwiatkowski told petitioner he had seen the knife on the backpack, and he directed petitioner to leave it alone. Petitioner continued to ignore Ranger Kwiatkowski's commands, walked over towards the backpack, and picked it up again [*Id.*]. Ranger Kwiatkowski—concerned that petitioner would retrieve the knife—pushed petitioner to the ground to gain control of his movement and then helped him stand up [*Id.* at 48–49].

2

Petitioner refused to release the backpack, but Ranger Kwiatkowski was able to pull it away from him [*Id.* at 49]. Petitioner was "showing a high energy level" and appeared to be "under the influence of some kind of drug" [*Id.* at 53]. Ranger Kwiatkowski carried petitioner's backpack as they hiked back to the parking lot with the two dogs in tow [*Id.* at 55, 57–58]. During the return trip, National Park Service Ranger Dylan Jones joined petitioner and Ranger Kwiatkowski [*Id.* at 58, 118]. Petitioner was hiking "very quickly" and appeared to be "trying to outpace" the rangers, even though they repeatedly directed him to slow down [*Id.* at 57–58].

When they neared the parking lot, the rangers attempted to arrest petitioner by simultaneously grabbing both of his arms [*Id.* at 58–59, 123–24]. Petitioner resisted arrest, "violently struggle[d]," and "lowered his center of gravity," broke free, and ran through the woods, stopping beside his vehicle [*Id.* at 59–61]. The rangers chased petitioner for nearly four minutes and tased him several times before placing handcuffs on him [*Id.* at 64–67, 77–78, 128–23]. After being handcuffed, petitioner appeared to suffer a seizure and was flown to a hospital for medical evaluation [*Id.* at 61–62, 136]. Later, Ranger Jones conducted an inventory search of petitioner's vehicle and found what he suspected was marijuana hash oil as well as petitioner's driver's license, revealing that he was someone other than who he had claimed to be [Crim. Case, Doc. 70, pp. 137–40]. Petitioner was later charged with six petty offenses [Case No. 3:18-po-53, Doc. 1]. Ranger Kwiatkowski later obtained and executed a warrant to search petitioner's backpack, which

contained 5.7 grams of a green leafy substance, which was confirmed to be marijuana [Crim. Case, Doc. 70, pp. 85–87, Doc. 27–1].

On May 9, 2018, the government filed an information charging petitioner with two misdemeanor offenses of forcibly resisting arrest, opposing, impeding, and interfering with a federal officer, in violation of 18 U.S.C. § 111(a)(1), and possessing marijuana, in violation of 36 C.F.R. § 2.35(b)(2) [Crim. Case, Doc. 1]. Petitioner was arraigned on those charges in June 2018 [Crim. Case, Doc. 76, pp. 1–20; Doc. 87, p. 2]. Upon petitioner's consent, all of the charges were tried together before United States Magistrate Judge H. Bruce Guyton with a jury deciding his guilt only as to the Class A misdemeanor of resisting arrest [Crim. Case, Doc. 8]. Petitioner was convicted on all charges, excluding one petty offense that had previously been dismissed by the government [Crim. Case, Doc. 71, pp. 86–92]. Petitioner unsuccessfully sought a judgment of acquittal or a new trial in regarding to the resisting-arrest misdemeanor offense [Crim. Case, Doc. 60]. Petitioner was sentenced to 10 months' imprisonment and one year of supervised release [Crim. Case, Doc. 67].

Petitioner appealed to the district court, which affirmed the convictions [Case No. 3:18-cr-193, Doc. 33]. Petitioner subsequently appealed to the Sixth Circuit Court of Appeals, which affirmed the convictions as well. *United States v. Hanson*, Nos. 19-5614/5615, 2020 U.S. App. LEXIS 12012 (6th Cir. Apr. 15, 2020). No petition for a writ of certiorari was filed.

On November 16, 2021, petitioner filed this § 2255 motion [Doc. 1]. In her R&R, Judge McCook set forth three independent grounds for dismissal of petitioner's § 2255 motion [Doc. 10, p. 8]. First, Judge McCook found that petitioner is statutorily ineligible for relief under § 2255, because he was not "in custody" at the time when he filed his § 2255 motion [*Id.* at 8–9]. Second, Judge McCook found that petitioner's § 2255 motion is untimely, and he had not established that equitable tolling applies [*Id.* at 9–11]. Finally, Judge McCook found that all of petitioner's claims are unreviewable as they are either procedurally defaulted or previously litigated [*Id.* at 11–12]. Judge McCook also recommended that the Court deny a certificate of appealability [*Id.* at 12–13].

## II.    Legal Standard

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection." *Payne v. Sawyer*, No. 18-cv-10814, 2020 WL 5761034, at *2 (E.D. Mich. Sept. 28, 2020) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

5

### III.   Analysis

In his objections, petitioner asserts that his arguments have yet to be litigated in this Court [Doc. 17, p. 1].  He contends that his § 2255 motion was timely filed and he "filed numerous 28 U.S.C. 2255 during incarceration due to the length of sentence" [*Id.*].  Petitioner contends that considering "time and location of [his filing] is an excuse for this Court to ignore never litigated arguments" which he asserts "is a miscarriage of justice" [*Id.* at 19].  The remainder of petitioner's objections relate to the substance of his claims, rather than the grounds for denial set forth in the R&R.

First, the Court agrees with Judge McCook's assessment that petitioner was not "in custody" at the time of filing his § 2255 motion, and therefore, is statutorily ineligible for relief.  Petitioner does not directly address this contention in his objections but appears to argue that he has filed prior § 2255 motions and that the time of filing should not impact the Court's review of his motion.  But the record belies any claim that petitioner previously filed a § 2255 motion.  And, indeed, if petitioner had filed a prior § 2255 motion, the instant motion would be barred absent leave to file a second or successive motion from the Sixth Circuit.  28 U.S.C. § 2255(h).

To the extent that petitioner argues that the Court should not consider his custodial status in addressing his motion, the Court notes that being "in custody" is a statutory prerequisite for relief under § 2255.  28 U.S.C. § 2255(a) (providing that "[a] prisoner in custody under sentence of a court established by Act of Congress" may seek relief under that statute).  There does not appear to be any dispute that petitioner was released from

custody of the Bureau of Prisons and had completed his term of supervised release when he filed the instant § 2255 motion [*See* Doc. 10, pp. 8–9]. Accordingly, petitioner's § 2255 motion is statutorily barred because he did not meet the requirement of being "in custody" at the time of his filing.

Second, the Court agrees with Judge McCook's assessment that petitioner's § 2255 is barred by the applicable one-year limitations period. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). In pertinent part, this one-year limitations period commences the date on which the judgment of conviction becomes final. *Id*. § 2255(f)(1). A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, the Sixth Circuit affirmed petitioner's convictions on April 20, 2020 [Case. No. 3:18-cr-193, Doc. 44], therefore, petitioner had until September 17, 2020, to seek a writ of certiorari from the Supreme Court. *See* Supreme Court Miscellaneous Order (Mar. 19, 2020), https://www.supremecourt.gov/orders/courtorders/031920zr_dlo3.pdf ("In light of the ongoing public health concerns relating to COVID-19 . . . the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment . . . ."). Because petitioner declined to seek a writ of certiorari, his convictions became final on that date. Nonetheless, petitioner

waited until more than a year had expired, in November 2021, to file his § 2255 motion [Doc. 1].

Although the one-year limitations period under § 2255 is not a jurisdictional bar, and may be tolled under limited, extraordinary circumstances, *Jones v. United States*, 689 F.3d 621, 626–27 (6th Cir. 2012), petitioner has not presented any such extraordinary circumstances in this case that would warrant tolling of the limitations period. Instead, petitioner merely states that dismissing his § 2255 motion on timeliness grounds would be unjust, based on his underlying claims. But, if the Court were to accept this argument, that the alleged viability of petitioner's underlying claims overcome the limitations period, the limitations period in § 2255 would have no meaning at all. Accordingly, the Court finds that petitioner's § 2255 motion is untimely and no equitable tolling applies.

The Court notes that Judge McCook also found petitioner's claims were either procedurally defaulted or previously litigated, which petitioner appears to contest. However, because the two grounds discussed above provide adequate and independent grounds for dismissal of this § 2255 motion, in the interests of judicial economy, the Court declines to address this issue, and will not adopt this portion of the R&R.

## IV. Conclusion

For the reasons stated above, petitioner's objections [Doc. 17] are **OVERRULED** and the R&R [Doc. 10] is **ACCEPTED AND ADOPTED IN PART**. Petitioner's motion to vacate, set aside, or correct sentence [Doc. 1] is **DISMISSED**. A hearing is unnecessary as to petitioner's claims, and the Court will **CERTIFY** that any appeal from this dismissal

8

would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal.  *See* Fed. R. App. P. 24. Further, because petitioner has failed to make a substantial showing of the denial of a constitutional right as to these claims, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

     ENTER:

s/ Thomas A. Varlan                  
UNITED STATES DISTRICT JUDGE
